ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELAINE GRISSOM, et al., | ) | CASE NO. 5:07CV1724 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| MUSKINGUM WATERSHED | ) | <u>AND ORDER</u> |
| CONSERVANCY DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

This is an action that was removed to this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1441. On May 14, 2007, plaintiffs Elaine and James Grissom and Torjimar dba Whiskey Run Golf Course and Lodge filed a three-count complaint in the Tuscarawas County, Ohio Court of Common Pleas, being Case No. 2007 CV 05 0345. The First Claim alleges a deprivation of due process. The Second Claim is for a taking without compensation. The Third Claim is for unreasonable interference with the flow of Beaver Creek.

On June 11, 2007, defendant Muskingum Watershed Conservancy District removed this case from state court on the basis of federal question jurisdiction. The District maintained

> 3. That said action was brought pursuant to the Fifth and Fourteenth Amendments to the United States Constitution in that Plaintiffs allege claims of deprivation of constitutional rights under color of state law.

Notice of Removal (Doc. 1) at 1.

This action is before the Court upon the parties' Stipulation of Dismissal (Doc. 7) pursuant to Fed. R. Civ. P. 41(a)(1)(ii). The Court has reviewed the stipulation, which states that the plaintiffs dismiss claims one and two from the complaint without prejudice leaving only

claim three, a state law claim, remaining. For the reasons stated below, the Court will remand the case to state court.

Plaintiffs' Complaint now contains only a state law claim. However, jurisdiction in this case is based solely on the existence of a federal question, and this Court has jurisdiction over state law claims only insofar as they are pendent to a federal claim. Federal courts have the power to exercise pendent jurisdiction where the state and federal claims derive from a common nucleus of facts such that plaintiffs would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction. 28 U.S.C. § 1367; *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Plaintiffs have, by eschewing claims based on federal law, chosen to have the cause heard in state court. Since the federal claims have been withdrawn before trial and the remaining claim in the Complaint possesses no independent basis of federal jurisdiction, it is appropriate for this Court to remand the case to the Tuscarawas County, Ohio Court of Common Pleas. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

IT IS SO ORDERED.

| | |
|---|---|
| December 11, 2007 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |